Good morning, may it please the court. My name is Betsy Stevens for the appellant John Abreu. This case basically boils down to the ALJ improperly rejecting the medical evidence, specifically Dr. McManus's opinion, Dr. Byrne's opinion, Dr. Green, and Dr. Ferber. Dr. McManus found that Mr. Abreu has an organic brain damage, which was… How much testing did he do to determine that, in his opinion, there was organic brain damage? He did a number of objective memory tests. I don't remember the names of the tests off the top of my head, but he conducted an examination where Mr. Abreu was only able to remember four out of 16 items, no matter how many times they repeated the test. He never demonstrated the ability to learn verbal information. So is it your contention that he isn't capable of working at all, or that he isn't capable mentally from an educational functional level, able to do the tasks that the ALJ ultimately concluded that he was? Yes, Your Honor. It's our position that his impairment and inability to concentrate, communicate, and his limitations on persistence and pace would preclude him from performing any of the jobs that the ALJ identified. So I'm trying to understand. You said he has organic brain damage. Are you suggesting that he can't do anything or that the levels that they set for him are too much beyond his ability to reason, perform? Aren't you relying on the GED level to challenge? In part, Your Honor, the GED level, the ALJ found that he couldn't do detailed tasks. Detailed tasks, right. And GED level 2 involves tasks with detailed instructions. And each of the jobs that the ALJ identified at step 5, well, there weren't DOT numbers, but for house cleaner it was GED 2. And for cashier, there are none that are level 1. I mean, they're all level 2 or higher. I want to make sure I understand a specific aspect of the law. I know that the statute was changed so that alcohol and drug addiction, to the extent that it materially contributes to the disability, that means the person is not disabled. And I understand that that's true for current disability if the person is currently addicted. What is the rule if someone has been addicted over a substantial period? That addiction has so damaged the person's brain or capacity in other ways that when the person goes off drugs or goes off alcohol, there's enough residual damage that the person is disabled. Is the person not disabled under the law or is the new statutes only talk to disabling from current drug or alcohol use? The standard is that if the person stopped using drugs or alcohol, would the disability still exist? Even if the disability is caused by earlier drug or alcohol use? Even if that's where it originated. That's what I thought, but I wanted to make sure. In that regard, one of the doctors found that your client's impairments would abate when your client became sober. Dr. Ferber. Dr. Ferber? Ferber. He said that the prognosis for Mr. Abreu was poor because he continued to use. And he found that his cognitive disability that existed, whether or not... Okay. Basically, Dr. Burns, who examined Mr. Abreu before Dr. Ferber, said that even if Mr. Abreu stopped using drugs and alcohol, his cognitive disorder would not improve with time or treatment. Dr. Ferber did not disagree with that analysis. In fact, Dr. Ferber noted that Mr. Abreu's memory testing was basically the same as it had been when Dr. Burns examined him. Now, did the vocational expert build into his evaluation and assessment of jobs that could be performed this lack of memory? Well, what the ALJ asked the VE to consider was a limitation in being able to remember and carry out detailed instructions. The ALJ did not ask the VE whether moderate limitations in concentration, persistence, and pace would make a difference. That's not how the ALJ... That's not what the ALJ asked the VE to consider. Are you then asking us simply to send it back so that the VE is asked to consider the limitations on memory and cognitive function? Well, that's one option. But if the court finds that through Dr. McManus' examination and Dr. Burns' examination that Mr. Abreu's deficits existed on that level, even if he abstained from drugs and alcohol, then he was disabled up until 1997. Nothing has changed, so he's still disabled. Well, nothing has changed except that the law has changed. I mean, he was disabled up to 1997 because of his ongoing addiction. And because of the underlying impairments that existed because of his addiction. Right, but now we take away the ongoing addiction. That is to say, we have to assume that he's no longer taking addictive qualities of drugs or alcohol. I gather at the time of the examination or the hearing, he was taking some alcohol but not impairing alcohol. So we look at him as he is no longer addicted to drugs or alcohol. But that's different from when he was taking it. Right, and even when he stopped, Dr. Burns said that his condition, his cognitive deficits would not remit with time or treatment. So even if he stopped using, his brain would still be damaged. He would still have hepatitis even if he stopped drinking. In my sense, the hepatitis is largely asymptomatic. It might prevent him from working in the food industry, but it's asymptomatic in the sense of his performing functions. Well, Dr. Fields noted that it was causing him some fatigue, which is an expected side effect of hepatitis. You're down to about two minutes. Judge, why don't we hear from the government and then we'll give you a chance to respond. Thank you. Good morning, Your Honors. David Burdett representing the Commissioner of Social Security. I would like to request that the Court affirm the decision because I think that the disability that Mr. Abreu had was entirely due to his drug and alcohol addiction. And I don't think that he has come forward with any evidence. It's been a long procedural history of the case, but I still nevertheless don't think that there's any evidence in the record that shows that absent his drug abuse and alcoholism that he would have been disabled. The words you've used are not misleading, but they're capable of several meanings. I'll ask you the same question about ongoing, distinct from drug and alcohol use, having residual effects even though he's no longer taking alcohol. Is it your view that if he is disabled because of past drug and alcohol use, even though he is no longer taking it, that he is not disabled within the meaning of the statute or for purposes of taking away from the disability determination with only the current drug and alcohol use? Do you understand the question? Yes, yes, I do. And I think that the answer that counsel gave is correct. If you have past abuse of drugs and it affects you to such an extent that your mind or body will never come back, then we will look at you after the cessation of your drug abuse the way that you are. I got you. So what we are required to exclude by this new statute is only the disability caused by current drug and alcohol use. That's correct. Okay. That's correct. So what do we do with the fact that he can only remember four out of 16 things? Well, I think that it is somewhat questionable when you look at Dr. Ferber's opinion, as the judge indicated, what his true memory limitation is and what his true level of cognitive disorder is. Well, I'm not going to read you the whole paragraph, but Dr. Ferber's evaluation of him is at 349 on the record, and I think that it casts some doubt on the notion that he can only remember four out of 16. I would also suggest, though, that the limitation to simple one- and two-step tasks would account for some degree of memory limitation. At the time that Dr. McManus examined Mr. Abreu, was he then addicted to drug and alcohol? Was he then taking it? Yes, he was. Yes, he was using heroin and other drugs at that time. So it may be that while he couldn't remember four out of 16 at that time, that might have been in part due to his current drug or alcohol use. I think, yes, it could have been. It could have been that his cognitive ability is clouded, and we don't have any evidence in the record of what his current or post-1996 memory function would have been, absent the drug abuse and alcoholism. Could you, on a somewhat different subject, although obviously related, could you discuss the relationship that claimants try to make between the RFC determination and the GED definitions to cognitive ability and these levels of comprehension? In the DOT, they break down reasoning levels that are required by certain jobs into six levels. Right. The Social Security Administration relies on the DOT, obviously, but the six levels of reasoning that they have are not part of the regulatory scheme. So it's our position that simple, simple for the purposes of saying something like simple one- to two-step tasks in an RFC finding, does not necessarily correlate to any given GED level. That's our position, that there's nothing that binds us to a particular reasoning level. So what's the purpose of the GED fine-tuned levels? How are those used as opposed to just sort of a simple, non-simple? I think the distinction on level two was apply common sense understanding to carry out detailed but uninvolved written or oral instructions. Counsel mentioned detailed instructions. What's the interplay there? Well, unfortunately, I don't have a very good answer for you, because I don't think that there has ever been, by regulation or ruling, a link-up between those reasoning levels and the form of words that an ALJ has to use. I would submit that there was a recent case, and this is not controlling because it was not published, but this court just issued a case earlier this week, LARA, L-A-R-A, where the claimant was a person who was limited to simple, repetitive tasks, and the court determined that that person could at least do reasoning level two jobs, which is the situation that we have here. Now, again, that is not controlling, and I don't mean to set it as precedent. Well, Judge Larson, when he was sitting as still a magistrate judge in the central district, wrote a fairly long opinion in MISL. MISL. And I've looked at that and tried to understand exactly what the function of the GED is when one is assessing disability and ability to perform work in the community, and I appreciate his reasoning. I'm just trying to understand what purpose is the GED then is used for. Well, I think for our purpose it's simply advisory. It's just for the ALJ and the vocational level. It's advisory, but why do they make the fine-grained distinctions? How is it applied otherwise? What other uses are made of it? That's what I'm trying to understand. I do not know. I'm sorry. I don't think that I'm helping you very much, but I don't think that they are. Well, I didn't know if it was just because I'm missing something or, you know, you folks practice in this area. I'm just trying to understand why do they have these six levels of social security for disability, which is where it's very important. It doesn't really make much use of it, certainly not in its fine-tuning. I don't think you're missing it, Judge. Or if you are missing it, then we're all missing it. All right. I don't know if that makes me feel any better, but okay. But at any rate, that in essence is our position. Can I answer any further questions? Well, to follow along from Judge Fischer's questions, I noticed that you refer in your brief to SVP levels. And I went into the I don't know what website I found for the Social Security Administration. I finally figured out what an SVP level is. You guys have so many words and jargons. You assume that we understand, but we kind of do and we kind of don't. But my understanding is that unskilled or simple work requires SVP level one or two, correct? That's correct. Unskilled skill and vocational preparation. Actually, I looked it up. It's specific vocational preparation. Well, there you go. Far too many acronyms. Far too many acronyms in Social Security. And level one is short demonstration is sufficient to teach the person to do it. Level two takes up to 30. You can get up to 30 days to do it. I understand that. Right. And the view here is that he can do simple work. That is to say under one of those two levels. Correct. Correct. And these are unskilled jobs that were cited by the vocational expert. And we would argue that he can perform those jobs. And the unskilled jobs are sort of motel cleaner and cashier. And why don't we have small parts assembler? You always want somebody to be a small parts assembler. Yeah, that's the universal solvent, small parts assembler. But for whatever reason, the vocational expert didn't come out with that one. Oh, okay. Maybe his radio broke down based on a small part failure. Yes. Yeah, perhaps he realized that it needs more technical ability. And I kind of wonder about a cashier who can't remember. That struck me as a little. Well, it comes up on a screen right in front of you. You have to be able to do math, surely. Yeah. But you're scanning items, item by item. I don't think anymore that a cashier has to keep a running tally in his head of all the grocery or all the different pieces of hardware that a person is buying. So I think that that could realistically be an unskilled job. It's funny, when I worked as a box boy, getting promoted to cashier at Rouse was considered a much higher level job and much more skilled than just bagging groceries. And you never got promoted. And I never got promoted. I got fired. Okay. Okay. Thanks very much. You've got about two minutes. Unless the court has any specific questions. Yeah, I would like to know, actually, why you think he cannot do a motel cleanup job or a cashier job. Okay. Well, if you look at what each job actually requires, the ALJ found that he can do jobs with one to three steps. If you're a motel cleaner, you have to go and knock on the door, make sure nobody's in the room. That's one step. Then you have to use your key to get into the room. That's another step. Then you have to go through each of the steps to get into the room. Then you've got to walk into the room. That's another step. Then you've got to open the bathroom door. That could be twice. That could be a number of steps. But I don't think it means that. I mean, does it? I mean, it means, look, this is how you clean or this is what you do. I mean, those are steps. I mean, a step isn't this. Well, a step like this is how you clean the bathroom, and these are the things that you have to do to make sure that the bathroom is ready for the next guest. And these are the things you have to do to replace the shampoo. That's a lot of things for somebody who can only do three steps. I found, actually, it's extraordinarily difficult to teach my children to clean things. Let me ask you, this is actually a serious question. Dr. McManus' test, I think, was performed while he was under the influence of drug and alcohol. In fact, I think he'd been drinking that very morning. So what are we to make of that test? Well, Dr. McManus said that he should be tested again later, after he had stopped using drugs, to find out whether or not there had been any improvement. And when Dr. Burns tested him later, I believe, I'm not entirely sure, but I think that he had abstained at least from heroin for a few months by the time that Dr. Burns tested him. And Dr. Burns opined that even if Mr. Abreu stopped the drugs, that his brain would still be damaged enough that he would not be able to work or to concentrate and persist. Okay. Thank you very much. Thank you both sides for your argument. I hope you appreciated the day here. Thank you for coming in early. Thank you. Yeah, we appreciate your getting up early. Abreu v. Astor is now submitted for decision. The next case on the argument calendar is Denison v. City of Phoenix.
judges: Fletcher, Fisher, Breyer